

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-8-2005

# Hurst v. PNC Bank

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1398

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hurst v. PNC Bank" (2005). *2005 Decisions.* Paper 722.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/722

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1398
_____

JAMES H. HURST, JR.,
Appellant

v.

PNC BANK, ET AL; THOMAS STARKE, SHIFT MANAGER;
ARNOLD SCHIAVI, PROOF MANAGER;
JUANITA WEST, PROOF SUPERVISOR; MARIO NICOLAI
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 02-cv-06733)
District Judge:  Honorable Stewart Dalzell
_____

Submitted Under Third Circuit LAR 34.1(a)
August 5, 2005

Before:  SLOVITER, BARRY and FISHER, Circuit Judges.

(Filed: August 8, 2005)

_____

OPINION
_____

PER CURIAM

James H. Hurst, Jr., a pro se litigant, appeals an order of the United States District

Court for the Eastern District of Pennsylvania denying his motion to extend the time to

file an appeal.  See Fed. R. App. P. 4(a)(5).

Hurst, a former employee of PNC Bank ("PNC"), filed suit against PNC and several of its employees raising claims of age, race, and sexual discrimination, wrongful discharge, negligence, fraud, and breach of fiduciary duty. The District Court entered summary judgment for the defendants on May 6, 2004. Hurst untimely filed a notice of appeal from the final judgment, and we dismissed the appeal for lack of jurisdiction on November 30, 2004, and denied a petition for rehearing on February 4, 2005. See C.A. No. 04-3068.

On January 18, 2005, Hurst filed in the District Court a motion to reconsider and amend his notice of appeal, which was treated as a motion for an extension of time to file an appeal under Federal Rule of Appellate Procedure 4(a)(5). Finding that Hurst did not show "good cause" or "excusable neglect," the District Court denied the motion. Hurst then filed a timely motion for reconsideration, which was also denied. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's denial of Hurst's motion to extend the time to file an appeal, and its denial of reconsideration of that order, for abuse of discretion. In re: Diet Drugs Products Liability Litigation, 401 F.3d 143, 153 (3d Cir. 2005). We discern no error here.

Hurst contends that the District Court erred in denying his motion to extend the time to file an appeal because it had failed to inform him about the thirty-day period to file a notice of appeal from the final judgment. See Br. at 3. As a threshold matter, Hurst filed his Rule 4(a)(5) motion nearly seven months after the thirty-day period to appeal the

2

May 6, 2004 final judgment had expired. As such, the motion was untimely and the District Court had no authority to grant it. See IUE. AFL-CIO Pension Fund v. Barker & Williamson, Inc., 788 F.2d 118, 122 n.1 (3d Cir. 1986). In any event, the record shows that the District Court advised Hurst in its denial of his first motion to reconsider after entry of the May 6, 2004 final judgment, that if Hurst intended to pursue his claims further, he should appeal to this Court. Despite the District Court's advice, Hurst continued to file motions for reconsideration, and ultimately filed an untimely notice of appeal. On this record, we agree with the District Court that Hurst did not show "good cause" or "excusable neglect" to warrant a Rule 4(a)(5) extension. See Diet Drugs, 401 F.3d at 154.

For the foregoing reasons, we will affirm the District Court's order.